IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUOC XUONG LUU,

      Plaintiff,                      No. CIV S-06-2262 LKK DAD P

   vs.

R. BABCOCK, et al.,

      Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.  This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $3.73 will be assessed by this order.  <u>See</u> 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1  the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of
2  twenty percent of the preceding month's income credited to plaintiff's prison trust account.
3  These payments will be collected and forwarded by the appropriate agency to the Clerk of the
4  Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in
5  full.  See 28 U.S.C. § 1915(b)(2).

6  The court is required to screen complaints brought by prisoners seeking relief
7  against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
8  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
9  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
10 granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
11 U.S.C. § 1915A(b)(1) & (2).

12 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
13 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
14 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
15 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
16 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
17 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
18 Cir. 1989); Franklin, 745 F.2d at 1227.

19 Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
20 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
21 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
22 Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,
23 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a
24 complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
25 must contain factual allegations sufficient "to raise a right to relief above the speculative level."
26 Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

2

accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, plaintiff has named Lieutenant R. Babcock, Correctional Officer R. Valentine and Correctional Officer G. Rodriguez as defendants in this action. Plaintiff alleges that, on December 18, 2004, Sergeant M.B. Smith found plaintiff guilty of a rules violation for smoking in a state building and assessed him forty hours of extra duty to be

3

completed by January 25, 2005. Plaintiff alleges that on January 25, 2005, the facility sergeant extended the deadline for him to complete the extra-duty to February 28, 2005. Plaintiff did not complete performing the extra duty hours by the extended deadline and was charged with another rules violation on April 15, 2005, as a result. On April 23, 2005, plaintiff appeared before defendant Babcock, the Senior Hearing Officer ("SHO"), was found guilty of the new rules violation, and was assessed ninety days loss of yard and telephone privileges and thirty days of loss of credits.

Plaintiff claims that the defendants violated his rights to due process, equal protection and to be free from cruel and unusual punishment. In this regard, he alleges that the defendants waited too long after he missed the February deadline to discipline him. Plaintiff also alleges that prison officials had access to the relevant documents within the administrative building and the SHO therefore erroneously relied upon the belated "discovery" of the extra duty documents to find him guilty of the charge.[1] Plaintiff requests injunctive relief and compensatory damages in the amount of $300,000.

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his

---

[1] Plaintiff notes that he has exhausted all administrative remedies and that at the third level of review his request for relief partially granted with his thirty days of credits being restored. In this regard, the Director's Level decision in response to plaintiff's appeal stated that, upon plaintiff's noncompliance with the assigned extra duty hours, a rules violation should have been generated. It further stated that the rules violation was reasonably discoverable within thirty days or sooner, and therefore no credit forfeiture should have been assessed pursuant to 15 Cal. Admin. Code. § 3320(f).

claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). In addition, plaintiff must allege in specific terms how each named defendant was involved in the deprivation of his rights. Although plaintiff has identified correctional officers Valentine and Rodriguez as defendants in this action, he has failed to include any allegations against them in his complaint. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff elects to pursue this action by filing an amended complaint, the court advises him of the following legal standards that govern his civil rights claims. First, with regards to the Due Process Clause, plaintiff is advised that although "States may under certain circumstances create liberty interests which are protected by the Due Process Clause," those circumstances are generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). A temporary loss of privileges to the yard and telephone does not "present a dramatic departure from the basic conditions" of prison life. Id. at 486. In addition, as plaintiff acknowledges, his good time credits have been restored. If plaintiff files an amended complaint, he will need to allege facts demonstrating why any claim related to his now restored good time credits should not be dismissed as moot.

/////

Second, plaintiff is advised that equal protection is relevant with respect to classifications that impermissibly operate to disadvantage a suspect class or improperly interfere with an individual's exercise of a fundamental right. "[A] classification neither involving fundamental rights nor proceeding along suspect lines is accorded a strong presumption of validity." Heller v. Doe, 509 U.S. 312, 319 (1993). If plaintiff elects to proceed with this action by filing an amended complaint, he must allege facts that would demonstrate defendants either wrongly discriminated against him based on membership with a suspect class or improperly burdened a fundamental right of his.

Finally, plaintiff is advised that the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). However, neither accident nor negligence constitutes cruel and unusual punishment, for "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319. What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320). The plaintiff must allege facts showing that objectively he suffered a sufficiently serious deprivation and that subjectively each defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
/////

6

longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's November 1, 2006 application to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $3.73. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: March 13, 2008.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
luu2262.14