IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUOC XUONG LUU,

    Plaintiff,                      No. CIV S-06-2262 LKK DAD P

    vs.

R. BABCOCK, et al.,                ORDER AND

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983.

        On May 23, 2008, the court ordered plaintiff to file a declaration clarifying whether he wished to proceed on his amended complaint in this federal action or voluntarily dismiss this case to proceed on his claims in state court. In response to the court's order, plaintiff has filed a "motion to dismiss." Therein, plaintiff explains that he would like to proceed on his claims in state court but only if this court can guarantee him that he will not encounter impediments based upon a res judicata bar or a statute of limitations issue in state court and that his court documents in this case will be transferred to the proper state court. If the court cannot provide plaintiff with such guarantees, he states that he wishes to proceed on his amended complaint in this action.

1

1         Plaintiff is advised that the court cannot make the guarantees he has requested as a
2    condition of an election to pursue this matter in state court.  Accordingly, plaintiff's motion to
3    dismiss will be disregarded, and the case will proceed on plaintiff's amended complaint and in
4    accordance with the findings and recommendations herein.
5         The court is required to screen complaints brought by prisoners seeking relief
6    against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.
7    § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
8    claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
9    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28
10   U.S.C. § 1915A(b)(1) & (2).
11        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
12   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
13   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
14   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
15   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
16   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
17   Cir. 1989); Franklin, 745 F.2d at 1227.
18        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
19   plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
20   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
21   Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007) (quoting Conley v. Gibson,
22   355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a
23   complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
24   must contain factual allegations sufficient "to raise a right to relief above the speculative level."
25   Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must
26   accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

1 Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the
2 plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421
3 (1969).

4         The Civil Rights Act under which this action was filed provides as follows:

5         Every person who, under color of [state law] . . . subjects, or causes
        to be subjected, any citizen of the United States . . . to the
6         deprivation of any rights, privileges, or immunities secured by the
        Constitution . . . shall be liable to the party injured in an action at
7         law, suit in equity, or other proper proceeding for redress.

8 42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
9 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
10 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
11 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
12 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
13 omits to perform an act which he is legally required to do that causes the deprivation of which
14 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15         Moreover, supervisory personnel are generally not liable under § 1983 for the
16 actions of their employees under a theory of respondeat superior and, therefore, when a named
17 defendant holds a supervisorial position, the causal link between him and the claimed
18 constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
19 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory
20 allegations concerning the involvement of official personnel in civil rights violations are not
21 sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

22         In his amended complaint, plaintiff has named as defendants Lieutenant R.
23 Babcock and Correctional Officer R. Valentine. Plaintiff alleges as follows. On December 18,
24 2004, Sergeant M.B. Smith found him guilty of a rules violation for smoking in a state building
25 and assessed him 40 hours of extra duty to be completed by January 25, 2005. On January 25,
26 2005, the facility sergeant extended the deadline for him to complete the extra duty hours to

February 28, 2005.  Plaintiff did not complete the extra duty hours by the extended deadline, so defendant Valentine charged him with another rules violation for "failure to complete assessed extra duty."  On April 23, 2005, plaintiff appeared before defendant Babcock, Senior Hearing Officer ("SHO"), on the charge.  Defendant Babcock found plaintiff guilty of the rules violation and assessed him 90 days loss of yard and telephone privileges and 30 days loss of credit.  (Am. Compl. at 7-9 & Exs. A-B.)

On May 7, 2005, plaintiff appealed defendant Babcock's guilty finding, arguing that defendant Valentine generated the rules violation report after the time for holding him accountable for failing to complete his extra duty hours had passed.  The director's level of review granted plaintiff's appeal in part because "[i]t was reasonably discoverable within 30 days or sooner that [plaintiff] ha[d] not completed the extra duty; therefore no credit forfeiture may be assessed."  See Cal. Code of Regs. tit. 15, § 3320(f) (listing events that preclude credit forfeiture).  However, the director's level of review refused to dismiss the rules violation because plaintiff admitted to failing to complete the 40 extra duty hours.  (Am. Compl. at 9 & Exs. C-F.)

Plaintiff claims that the defendants violated his rights under the Fourteenth Amendment Due Process Clause and Equal Protection Clause and the Eighth Amendment Cruel and Unusual Punishment Clause.  In this regard, he claims that the defendants waited too long after he missed the deadline to complete his extra duty hours to discipline him.  Plaintiff also claims that prison officials had access to the relevant documents within the administrative building and the SHO therefore erroneously relied upon the belated "discovery" of documents to find him guilty of the charge.  (Am. Compl. at 11-25.)

The court finds that plaintiff's amended complaint fails to state a cognizable claim.  First, under the Fourteenth Amendment Due Process Clause, although "States may under certain circumstances create liberty interests which are protected by the Due Process Clause," those circumstances are generally limited to freedom from restraint that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v.

4

1  Conner, 515 U.S. 472, 483-84 (1995).  Here, plaintiff acknowledges that his good time credits
2  have been restored.  In addition, although it appears that prison officials did not restore plaintiff's
3  90 days loss of privileges, a temporary loss of privileges to the yard and telephone as a result of a
4  late-filed rules violation report does not "present a dramatic departure from the basic conditions"
5  of prison life.  Sandin, 516 U.S. at 486.  See also Van Mathis v. Graber, No. C 07-3498 WHA
6  (PR), 2008 WL 912932, *2 (N.D. Cal. Apr. 3, 2008) (twenty-one day loss of privileges was not
7  sufficient to constitute an atypical condition of confinement and plaintiff's due process rights
8  were therefore not implicated by the hearing).  Accordingly, the court concludes that plaintiff's
9  complaint fails to state a cognizable due process claim.
10             Second, under the Fourteenth Amendment Equal Protection Clause, prison
11 officials may not disadvantage members of a suspect class or interfere with an individual's
12 exercise of a fundamental right.  However, "a classification neither involving fundamental rights
13 nor proceeding along suspect lines is accorded a strong presumption of validity."  Heller v. Doe,
14 509 U.S. 312, 319 (1993).  Here, plaintiff has not alleged any facts suggesting that defendants
15 either discriminated against him based on his membership in a suspect class or improperly
16 burdened the exercise of his fundamental rights.  Nor has plaintiff alleged any facts suggesting
17 that defendants treated him differently from similarly-situated inmates.  Accordingly, the court
18 concludes that plaintiff's complaint fails to state a cognizable equal protection claim.
19             Finally, under the Eighth Amendment Cruel and Unusual Punishment Clause, the
20 "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment prohibited
21 by the United States Constitution.  Whitley v. Albers, 475 U.S. 312, 319 (1986).  See also
22 Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).
23 However, neither accident nor negligence constitutes cruel and unusual punishment, because "[i]t
24 is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct
25 prohibited by the Cruel and Unusual Punishments Clause."  Whitley, 475 U.S. at 319.  What is
26 needed to show unnecessary and wanton infliction of pain "varies according to the nature of the

5

alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320). Plaintiff must allege facts showing that objectively he suffered a sufficiently serious deprivation and that subjectively each defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

Here, plaintiff complains about a temporary loss of prison privileges as a result of a late-filed rules violation report. However, only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Even assuming plaintiff's allegations to be true, the claimed deprivations do not inflict pain or punishment of a constitutional magnitude. Accordingly, the court concludes that plaintiff's complaint fails to state a cognizable cruel and unusual punishment claim.

Given the defects in the allegations of plaintiff's amended complaint and the court's previous order providing direction to plaintiff while dismissing with leave to amend, it is now clear that granting further leave to amend would be futile. See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987). The undersigned will therefore recommend that plaintiff's claims be dismissed with prejudice.

Accordingly, IT IS HEREBY ORDERED that plaintiff's June 5, 2008 motion to dismiss (Doc. No. 12) be disregarded; and

IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice due to plaintiff's failure to state a cognizable claim. See 28 U.S.C. § 1915A.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

1  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED: February 4, 2009.

```
                          _____
                          DALE A. DROZD
                          UNITED STATES MAGISTRATE JUDGE
```

7  DAD:9
   luu2262.56